46 So.2d 722 (1950)
NICHOLS et al.
v.
KROELINGER.
Supreme Court of Florida, Division A.
June 2, 1950.
*723 J.C. Davant, Clearwater, for appellants.
Guss Wilder, Clearwater, and S.E. Simmons, St. Petersburg, for appellee.
TERRELL, Justice.
In April 1931, A.J. Kroelinger secured a judgment against Edward Mills. The pertinent part of the judgment to this litigation is the sum of $912.33, awarded Kroelinger as a fee for his attorney, J.C. Davant. Kroelinger died in September 1942, May 1, 1947, on petition of Davant, Joseph W. Nichols was appointed curator of Kroelinger's estate and sixteen days later he (Nichols) was appointed administrator of said estate. June 12, 1949, on petition of Kroelinger's widow, the Probate Judge of Pinellas County revoked Nichols' appointment as administrator. The order of revocation was on appeal affirmed by the Circuit Court. We are confronted with an appeal from the latter decree.
Appellant urges several questions for our determination. They have to do with the power of the Probate Judge (1) to appoint and then vacate the appointment of Nichols as administrator of Kroelinger's estate. (2) Is Section 734.20, F.S.A. a limitation on the recovery of debts due by a decedent in his lifetime? (3) Should the Probate Judge vacate the appointment of a curator on the same motion and at the same time he vacates the appointment of an administrator?
Other questions were propounded but are not detailed because we think the case turns on other considerations and being so, it is not necessary to answer them. The facts on which they are predicated are in the main not disputed and the abstract principles of law applicable to them are not controverted. Appellant is attempting to revive and collect a fee for securing a judgment that has lain dormant for more than 18 years and we can see no good reason to explore these questions when they do not go to the pith of the controversy.
The dominant question is whether or not an attorney who secures a judgment in which his fee for services is included, and who permits it to lie dormant for 18 years, during which his client dies, can then secure the appointment of an administrator of his client's estate to collect his fee against the consent of the client's widow, who is now the owner of the judgment and the sole heir of the estate.
When Nichols was appointed administrator of Kroelinger's estate, J.C. Davant filed his petition in the Circuit Court, reciting the recovery of the judgment against Kroelinger, that no fee had been paid him for his services, that he had a charging lien on the judgment to the extent of his fee, that said judgment was an asset of the estate and should be revived to render it collectible, and that petitioner was a creditor of the estate to the extent of his fee.
In Knabb et al. v. Mabry et al., 137 Fla. 530, 188 So. 586, this Court held that when an attorney renders professional services in a foreclosure proceedings, and is decreed certain fees which were secured by a lien on the mortgaged property, the attorneys are entitled to a decree imposing a lien upon the property on the theory that equitable considerations require a court to grant affirmative relief. A proceeding must of course be brought for that purpose, it must show that the fee is unpaid and that the property was bought in at the sale.
*724 The rule seems to be general that an attorney's lien for services is equitable in nature and is protected in equity. Scott v. Kirtley, 113 Fla. 637, 152 So. 721, 93 A.L.R. 661. It is not a right in the rem authorizing an action at law to recover. Such a lien conveys no interest in the rem that can be enforced at law, unless collusion or fraud on the part of the judgment debtor and creditors is shown. If the lienor moves promptly and secures an execution, he has a priority in the sum or sums realized, but this right may not extend to relief against the assignor of the judgment.
Some states have statutes providing for the enforcement of attorney's charging lien and make it superior to all other liens except liens for taxes. In these states it attaches to the product of the attorney's labor and skill regardless of the form in which it is realized. Middleton, Executors, v. Westmoreland et al., 164 Ga. 324, 138 S.E. 852; Brotherton v. Stone, 197 Ga. 74 (2, 3), 28 S.E.2d 467; Roberts v. Vaughn, 142 Tenn. 361, 219 S.W. 1034, 9 A.L.R. 1528; American Jurisprudence Vol. 5, page 408. Courts of law may take cognizance of the lien when the res is in possession of the lienor and the owner is seeking to deprive him of it. When affirmative action is necessary, equity is generally considered the proper forum. If the product of the litigation is in the hands of the court, the latter may on application of the attorney, enter an order directing payment of the fee. We have no statute in this state similar to that in Georgia and other States protecting the charging lien of an attorney, so his recourse is in equity and the lienor is required to move with diligence.
This is not a case in which the rule of recovery by quantum meruit is applicable, in fact, that rule has no application in a case like this. The rule is well settled that an attorney's charging lien does not extend beyond the fees and charges in the suit in which the judgment is recovered unless there is a statute so providing. His right to a charging lien on the judgment, decree or award for expenses and compensation to secure it has generally been recognized, but is regulated either by statute or the common law. At common law the attorney's charging lien attached to the judgment, rather than to the cause of action, and could be enforced by appropriate action.
The usual defenses applicable to ex contractu actions are applicable to actions to recover attorneys fees including the statute of limitations or non-claims. Certainly no laborer is better entitled to have his charging lien secured than an attorney. The litigant would be helpless and stranded without his advice and labor, and to permit litigants to give him the runaround and settle or deprive him of payment for his services is reprehensible. From all the record discloses, the attorney in this case had a claim good against his client but if it was such as his estate was responsible for, he failed to move in time to recover from that source.
So much for the law applicable generally to cases like this. The trouble with this case is that appellant delayed moving until the time fixed for administration had passed so any relief he may have had against the estate of the client was barred by the statute of limitations. He is also in position that the general principles of law applicable to such controversies afford little if any relief. Under the common law his lien attached to the judgment and since we have no statute in this State modifying or repealing the common law or protecting the lien, the common law is still in effect, so he may resort to that and move against the judgment to satisfy his lien. The lien inheres in the judgment so long as it is kept alive, regardless of who holds it. All other means of approach to it would seem to be closed.
The judgment appealed from is therefore affirmed without prejudice to proceed against the judgment as indicated.
Affirmed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.