PER CURIAM.
Edna McClave Ryder, who was the plaintiff in the trial court, has appealed a post-judgment order in which the trial court directed the disbursement of the proceeds of the settlement of a personal injury cause. The record reveals that at the time appellant’s action for personal injuries came on for trial she was unable to proceed and requested a continuance. Upon the denial of the continuance the cause was settled and the result announced to the court. Thereupon the court entered an order of dismissal in which the trial court set forth the facts upon which he acted as follows:
“THIS CAUSE came on to be heard before me in open Court at 9:30 A.M., on the 1st day of April, 1969, at which time this cause was called for trial. At that time, counsel and their respective clients being present, both counsel jointly announced to the Court that this cause had been amicably settled by and between their respective clients.
“WHEREUPON, counsel for defendant then moved this Honorable Court for the entry of an order herein dismissing this cause with prejudice, each party to bear its own costs, conditioned upon payment by defendant to plantiff of the sum of $1,550.00.”
Thereafter the appellant refused to proceed with the settlement. She discharged her attorney and has proceeded both in the trial court and here without the aid of legal counsel. Appellant’s former attorney petitioned the trial court for an order directing payment of the settlement funds into the registry of the court and to establish a lien thereon for his services. After the taking of extensive testimony the court directed the plaintiff to proceed with the settlement of the cause and established a lien for the attorney’s services upon the proceeds of the settlement.
Appellant’s main contention is that she did not approve the settlement and that she should not be bound by it. She urges that to require her to pay her attorney’s fees and her own costs in the cause renders the settlement improper. Upon these issues the trial judge after the taking of testimony found:
“This Court further finds that this Court denied Plaintiff’s last Motion for Continuance and called this cause to trial after previously continuing it several times; that Plaintiff’s counsel would have been directed by Plaintiff to non-suit this cause after the call for trial had it not been settled, which would have made Mrs. Edna McClave Ryder responsible for substantial costs incurred on the non-suit; that this cause was properly contested on both liability and damages; that Mrs. Edna McClave Ryder knew of and approved of said settlement after this case was called for trial, and that said settlement was fair, voluntary and in the best interest of the clients.”
We have reviewed the record in the light of appellant’s briefs and oral argument. We find that the record supports the conclusions of the trial judge and that error has not been demonstrated.
Accordingly, the orders appealed are affirmed.