412 So.2d 43 (1982)
Ella PASIN, Appellant,
v.
Rosa L. KROO, Appellee.
No. 81-1696.
District Court of Appeal of Florida, Third District.
April 6, 1982.
*44 Michael Lechtman, North Miami Beach, for appellant.
Smith & Mandler and Patricia M. Silver, Miami Beach, for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
This is an appeal from a final order enforcing a charging lien for attorney's fees. Appellant, Ella Pasin, was the losing defendant in an action for specific performance of a contract to sell a condominium unit. Pasin was represented by the law firm of Smith, Mandler, Smith, Werner, Jacobowitz & Fried, P.A. which she had hired for the purpose of cancelling the contract. After the judgment had been entered, Smith & Mandler withdrew from the case and filed a notice of charging lien on the proceeds to be paid to Pasin pursuant to the sales contract which Pasin had tried to avoid.
An attorney's lien, or charging lien on funds recovered for a client through the attorney's services may issue only if there is a client-attorney relationship and the attorney has, in fact, recovered proceeds for his client. The lien may not issue if no proceeds have been recovered. Chancey v. Bauer, 97 F.2d 293 (5th Cir.1938). See, e.g., Conroy v. Conroy, 392 So.2d 934 (Fla.2d DCA 1980), pet. for rev. denied, 399 So.2d 1141 (Fla. 1981). Pasin was the losing party so there was no recovery of funds. It was error to impose a $12,000.00 charging lien upon the proceeds from the sale of her real property.
Reversed.