452 So.2d 1140 (1984)
DOWDA AND FIELDS, P.A., and Alan B. Fields, Jr., Appellants,
v.
Donald R. COBB, Appellee.
No. 83-827.
District Court of Appeal of Florida, Fifth District.
July 19, 1984.
*1141 Alan B. Fields, Jr. of Dowda & Fields, Palatka, for appellants.
Michael W. Jones of Baxley & Jones, Gainesville, for appellee.
COWART, Judge.
This case involves an attorney's charging lien on a judgment obtained by him for his client.
Appellants, original attorneys for appellee, brought suit on a promissory note and recovered judgment in favor of appellee, as judgment creditor, and against certain *1142 judgment debtors. When the judgment debtors filed a supersedeas bond and undertook to appeal, appellee discharged appellants as counsel and retained other counsel to represent appellee on that appeal. Appellants then filed in the original action a paper entitled Notice of Intent to Claim Charging Lien. Appellee moved the court to dismiss appellants' attorney's charging lien alleging that appellants were asserting a retaining lien on appellee's file, that appellee needed "his file" to defend the judgment debtors' appeal and that appellants were not entitled to both an attorney's charging lien and attorney's retaining lien. Appellants denied the assertion of a retaining lien stating that it retained only its own office file which contained no papers or documents belonging to the appellee, all of which had been introduced as evidence in the original action. Appellants also moved the trial court to adjudicate and impress an attorney's charging lien against the judgment that appellants, as counsel, had recovered in favor of appellee. By order dated April 19, 1983, the trial court ordered appellants to deliver their entire office file (with the exception of intra-office notices and memoranda) to successor counsel finding that appellants were "fully secured by the final judgment, the supersedeas bond and the charging lien filed by him in this action." This is an appeal of the order of April 19, 1983.
In Florida, as in most states, an attorney has a possessory retaining lien[1] on his client's papers, money, securities and other property in his possession and, according to the circumstances, a charging lien on a judgment, award or decree secured by him, or other property recovered, for his client[2] for fees and costs due him for services rendered to the client in recovering such judgment or property. The charging lien is not dependent upon possession, but is based on equitable principles; the client should not be allowed to appropriate the whole of a judgment, award or decree if the attorney who has secured it has not been compensated.
Attorneys normally maintain an office file relating to matters involving professional services performed for a particular client as to a particular matter. This is commonly referred to as that client's file but it only relates to that client and the file and its contents is the personal property of the attorney. The attorney's file may or may not contain documents or other property of the client. The attorney's file may also contain information about a client's affairs concerning which the attorney may have an ethical duty to communicate to successor counsel. There is no evidence or other indication that the attorney's file in this case contained property of the client. The client's promissory note had been reduced to final judgment and the litigation is over except for the appeal. No reason has been offered why appellants' office file is needed by the client or successor counsel in order to defend the appeal, nor can we imagine one.
*1143 The promissory note contained a provision for payment of attorney's fees and the judgment included sums on that account. However, the contractual provision for attorney's fees is for indemnification of the contracting party and the judgment awards sums for attorney's fees to the client, as judgment creditor, and not to the creditor's attorneys. Likewise, the supersedeas bond provides security for the client, as judgment creditor, but not for appellants, the creditor's attorneys who recovered the judgment for the judgment creditor. The mere filing of a notice of intent to claim a charging lien in the pending original action by the attorney does not establish the attorney's lien against the judgment nor give adequate constructive notice of the attorney's charging lien to parties dealing with the client with respect to the judgment. Although there may be other proper remedies for enforcement[3] of an attorney's lien, it is commonly enforced against the judgment by summary proceedings in the original action. We reverse the order directing appellants to deliver their office files to successor counsel and direct that, after notice and opportunity to the client to be heard, the trial court hear and consider appellants' motion to adjudicate a charging lien and, if an indebtedness for legal services is found to be due appellants from appellee[4] and if that indebtedness is secured by an attorney's charging lien against the final judgment, then the trial court should adjudicate the indebtedness and lien, and impress the judgment with that lien, instructing the clerk of the court to make a marginal notation on the recorded judgment so as to give constructive notice of appellants' charging lien against the judgment.
REVERSED AND REMANDED WITH DIRECTIONS.
DAUKSCH, J., and COLEMAN, T.P., Associate Judge, concur.
NOTES
[1] See generally Chancey v. Bauer, 97 F.2d 293 (5th Cir.1938); Cooper v. McNair, 49 F.2d 778 (D.C.Fla. 1931); Gray v. Hopkins-Carter Hardware Co., 32 F.2d 876 (5th Cir.1929); Wilkerson v. Olcott, 212 So.2d 119 (Fla. 4th DCA 1968); 7A C.J.S., Attorney and Client, § 358 (1980); Annot., Rights and Remedies of Client as Regards Papers and Documents On Which Attorney Has Retaining Lien, 3 A.L.R.2d 148 (1949).
[2] See generally United States v. Transocean Airlines, Inc., 356 F.2d 702 (5th Cir.1966); Sinclair, etc., and Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla. 1983); Winn v. City of Cocoa, 75 So.2d 909 (Fla. 1954); Nichols v. Kroelinger, 46 So.2d 722 (Fla. 1950); Greenfield Villages v. Thompson, 44 So.2d 679 (Fla. 1950); In Re Warner's Estate, 160 Fla. 460, 35 So.2d 296 (1948); Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943); Scott v. Kirtley, 113 Fla. 637, 152 So. 721, 93 A.L.R. 661 (1933); Alyea v. Hampton, 112 Fla. 61, 150 So. 242 (1933); Pasin v. Kroo, 412 So.2d 43 (Fla. 3d DCA 1982); Miles v. Katz, 405 So.2d 750 (Fla. 4th DCA 1981); Conroy v. Conroy, 392 So.2d 934 (Fla. 2d DCA 1980); de la Cruz v. Brown, 338 So.2d 245 (Fla. 3d DCA 1976); Billingham v. Thiele, 107 So.2d 238 (Fla. 2d DCA 1958); 7A C.J.S., Attorney and Client § 359 (1980); Annot., Attorney's Lien on Property Recovered For His Client, 93 A.L.R. 667, 696 (1934); 4 Fla.Jur.2d, Attorneys at Law § 158 (1978); Note, Attorney and Client: Attorney's Charging Lien, 4 U.Fla.L. Rev. 58 (1951); 10 Williston on Contracts § 1285B (3d ed. 1967).
[3] See Annot., Attorney's Lien on Property Recovered  Remedies for Enforcement, 93 A.L.R. 667, 696 (1934).
[4] In order for a charging lien to be imposed, there must first be a contract, express or implied, between the attorney and client. Greenfield Villages, Inc. v. Thompson, 44 So.2d 679 (Fla. 1950); Scott v. Kirtley, 113 Fla. 637, 152 So. 721 (1933); Alyea v. Hampton, 112 Fla. 61, 150 So. 242 (1933).