PER CURIAM.
The Law Offices of Alan J. Braverman, P.A. appeals from a final judgment dissolving its attorney’s charging lien filed against former client, Michael Oliveri. We affirm.
Appellant entered into a contract with Mr. Oliveri to represent him in a criminal prosecution and was discharged prior to its disposition. The contract provided that Oli-veri would be ultimately responsible for all costs and expenses incurred by appellant. Oliveri obtained a judgment of aquittal and both appellant and Oliveri filed separate motions to tax costs. The trial court granted Oliveri’s motion while it denied appellant’s. Appellant then filed a notice of charging lien which, on motion by Oliveri, was dissolved by the trial court.
The right of attorneys to secure payment for services rendered via a charging lien is well settled in Florida law. The courts have developed specific requirements that must be met prior to enforceing a lien. One such requirement, that the lien must attach to the proceeds of the lawsuit, necessarily precludes its application in a criminal context where the “tangible fruits of the services” is an aquittal and not something upon which a lien may attach. Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 92 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (Fla.1988); see Sinclair, Louis, Siegel, Heath, Nussbaum and Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla.1983). We note, however, this does not leave an attorney without remedy since, as in this case, the attorney may seek compensation based on the employment contract.
Accordingly, we affirm the trial court’s order dissolving appellant’s charging lien.
AFFIRMED.
GLICKSTEIN and DELL, JJ., and SALMON, MICHAEL H., Associate Judge, concur.