Mindy GOTTLIEB, on behalf of herself and all others similarly situated, Plaintiff,

v.

GC FINANCIAL CORP., OLS Enterprises, Inc., etc., and John Does 1 through 6, Defendants.

No. 98–6311–CIV.

United States District Court, S.D. Florida.

Oct. 7, 1999.

Samuel C. Aurilio, North Palm Beach, FL, Andrew Bennett Spark, Lawserv Sarasota, Sarasota, FL, for plaintiff.

Richard E. Berman, Michele Leneve McNichol, Katz Barron Squitero Faust & Berman, Miami, FL, for defendants.

## ORDER GRANTING MOTION TO STRIKE CHARGING LIEN

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Notice of Charging Lien [DE 82]. The Court has carefully considered the motion and being otherwise fully advised in the premises.

### I. BACKGROUND

This action was settled based on negotiations between Plaintiff's attorney, Andrew Spark and Defendants' counsel, Michele McNichol. On June 26, 1999, this Court entered a Final Order of Dismissal [DE 79], and this case was closed. Plaintiff received $32,000 in the settlement agreement. Pursuant to Plaintiff's representation, Mr. Spark contracted with Sam Aurilio, Esquire, to assist him in trying the case. The contract contained an arrangement to split the contingency fee, distributing 75% to Mr. Spark and 25% to Mr. Aurilio. Due to a failure to attend the Mediation Conference and alleged improper and unenthusiastic conduct by Mr. Aurilio, Mr. Spark determined that Mr. Aurilio had breached their fee distribution contract, and was not entitled to his share of the contingent fee. Mr. Aurilio filed a Notice of Charging Lien [DE 81] on August 26, 1999.

## II. DISCUSSION

"Virtually every jurisdiction in the United States recognizes the right of an attorney to recover fees by imposing a lien on a judgment obtained by his efforts for his client." *Bernard Litman v. Fine, Jacobson, Schwartz, Nash, Block & England*, 517 So.2d 88, 90 (Fla. 3rd DCA 1987). "Federal courts, although they recognize no common-law lien in favor of attorneys, give effect to the laws of the states in which they are held." *Webster v. Sweat*, 65 F.2d 109, 110 (5th Cir.1933). "No statutes outline the requirements for valid attorney's liens in Florida. Rather case law acts as the sole guide for both attorneys and courts as to these liens." *Daniel Mones, P.A. v. Smith, Inc.*, 486 So.2d 559, 561 (Fla.1986).

■ The general rule regarding attorney's liens for services is that it is equitable in nature and is protected in equity. *Nichols et al. v. Kroelinger*, 46 So.2d 722 (Fla.1950). "The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So.2d 1383, 1384 (Fla.1983).

■ The Florida Supreme Court set out four requirements to validly impose a charging lien. "The Attorney must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice." *Daniel Mones, P.A. v. Smith, Inc.* 486 So.2d 559, 561.

The first element for a charging lien necessitates a contract between the attorney and the client. *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom*, 428 So.2d 1383; *Billingham v. Thiele*, 107 So.2d 238 (Fla. 2d DCA 1958). In the present case there was a contract between Mr. Spark and the plaintiff. There was also a contract between Mr. Spark and Mr. Aurilio. This contract was approved by Plaintiff and therefore, Mr. Aurilio had a contract satisfying the first element.

Second, there must be a contingency contract. The payment must be dependent upon recovery. *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom*, 428 So.2d 1383; *Miller v. Scobie*, 152 Fla. 328, 11 So.2d 892 (1943). The contract in question was for 25% of the contingent fee. Therefore, the payment was dependent upon the recovery.

Third, there must be an avoidance of payment or a dispute must arise regarding the amount of the fee. *Daniel Mones, P.A. v. Smith*, 486 So.2d 559. This motion arises out of such a dispute. Mr. Aurilio claims he is owed 25% of the contingent fee, whereas Mr. Spark claims Mr. Aurilio breached his contract and is only entitled to a reasonable fee for his services.

■ Fourth, timely notice is the final factor a charging lien necessitates. "There are no requirements for perfecting a charging lien beyond timely notice." *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom*, 428 So.2d 1383, 1385. "In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action." *Daniel Mones, P.A. v. Smith*, 486 So.2d 559, 561; *See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom*, 428 So.2d 1383. "Where there has been a settlement, the funds may be outside the custody of the court, making the assertion of a lien 'before the close of the original proceeding', essential to maintenance of the right in the original action to enforce the lien against the settlement proceeds." *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England*, 517 So.2d 88, 92; *See Daniel Mones, P.A. v. Smith*, 486 So.2d 559. Mr. Aurilio "was obligated to notify his clients in some way before the close of the original proceeding that he intended to pursue

the charging lien. Simply filing suit would give his former clients insufficient notice." *Daniel Mones, P.A. v. Smith,* 486 So.2d 559, 561. Mr. Aurilio claims that he did not participate in the settlement and did not sign a closing statement. Therefore the case was closed improperly and it should be reopened, resulting in his Notice of Charging Lien becoming timely.

■ Mr. Aurilio assertion's are incorrect. Federal Rule of Civil Procedure 4–1.5(f) only necessitates a closing statement to be signed by "participating" attorneys. The record supports the argument that Mr. Aurilio was not directly involved in the case. Mr. Aurilio filed his Notice of Unavailability [DE 80] almost two months after the case was closed. Further, he did not participate in the settlement agreement, nor did he attend the Mediation Conference which helped result in the settlement of this case. Mr. Spark claims that he was inattentive at the few depositions he did attend (via the telephone). The Court notes that equity does not lie in Mr. Aurilio's favor.

This case will remain closed. Therefore, if Mr. Aurilio has a dispute over his fee, because his Notice was untimely, the lien "must be enforced in a separate suit in equity." *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England,* 517 So.2d 88, 92; *See Daniel Mones, P.A. v. Smith,* 486 So.2d 559. Mr. Aurilio still has the right "to bring an independent action for enforcement of the lien." *Id. at 92.*

Accordingly, it is **ORDERED AND ADJUDGED** as follows

1. Plaintiff's Motion to Strike Notice of Charging Lien [DE 82] is hereby **GRANTED.**

2. Notice of Charging Lien filed by Samuel Aurilio is hereby Dismissed.