# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

———————————

No. 3D24-0901
Lower Tribunal No. 20-9987-CA-01

———————————

## Assouline & Berlowe, P.A.,
Appellant,

vs.

## 801 Hialeah Drive, LLC, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Assouline & Berlowe, P.A, Peter E. Berlowe, and Eric N. Assouline; and Erik W. Scharf, for appellant.

Heise Suarez Melville, P.A., Mark J. Heise, and Thomas S. Ward, for appellee SHEDDF2-FL1, LLC.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Pasin v. Kroo</u>, 412 So. 2d 43, 44 (Fla. 3d DCA 1982) ("An attorney's lien, or charging lien on funds recovered for a client through the attorney's services may issue only if there is a client-attorney relationship and the attorney has, in fact, recovered proceeds for his client. The lien may not issue if no proceeds have been recovered. [Appellant] was the losing party so there was no recovery of funds." (internal citations omitted)); <u>Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.</u>, 517 So. 2d 88, 91-92 (Fla. 3d DCA 1987) ("It is not enough, however, to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services.").