420 So.2d 895 (1982)
Jacqueline ANTHONY, Deceased, Etc., Appellant,
v.
COLLIER COUNTY SCHOOL BOARD, et al., Appellees.
No. AK-38.
District Court of Appeal of Florida, First District.
October 12, 1982.
Rehearing Denied November 3, 1982.
*896 L. Barry Keyfetz of Keyfetz & Poses, P.A., Miami, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
MILLS, Judge.
The claimant appeals an order dismissing her claim for failure to prosecute. We affirm.
The claim for compensation was filed 15 November 1979. The claim acknowledgment was mailed 4 December 1979. A motion to dismiss for failure to prosecute was filed 20 November 1981, more than two years after filing the claim but not two years from the mailing of the claim acknowledgment. No other activity took place, either on or off the record.
This raises for the first time the issue of whether the mailing of a claim acknowledgment letter by the Division of Workers' Compensation is a filing of pleadings or actions "otherwise" within the meaning of Fla.W.C.R.P. 11(b).
We agree with the reasoning of the deputy commissioner:
I find that as a matter of law the preparation and mailing of a claim acknowledgment by the Division is a simple ministerial act and does not constitute a pleading or other record activity so as to determine a period of the statute of limitation.
The claim acknowledgment merely recites the receipt of the claim and its retransmission to the carrier of record and the named employer. This does not constitute service of process in the conventional sense. Due process of law and notice of the pending claim is provided for in the Statute and the Rules in that a certified notice of the final hearing with fifteen days notice must be sent by certified mail to the parties.
The Claimant also contends that the claim acknowledgment is ordinarily and routinely included in the records on appeal from workers' compensation orders. While this is usual and customary, Rule 18 of the Workers' Compensation Rules does not specifically list the claim acknowledgment as a document to be included mandatorily in the record on appeal. The Rule goes on to state that unless administrative or administerial papers are received specifically in evidence they shall not be included in the record on appeal. Thus, it seems the Rule contemplates the result advocated by the Employer/Carrier.
We note that this result furthers the important goal of expeditious resolution of workers' compensation disputes.
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.