432 So.2d 141 (1983)
REGAL WOOD PRODUCTS, INC., and the Travelers, Appellants,
v.
Raimundo MENDEZ a/k/a Raimundo Zaila and Division of Workers' Compensation, Appellees.
No. AM-443.
District Court of Appeal of Florida, First District.
May 6, 1983.
Rehearing Denied June 13, 1983.
Phyllis A. Sigal of Miller, Hodges & Kagan, Miami, for appellants.
Jay M. Levy of Silver, Levy & Hershoff, Miami, for appellees.
THOMPSON, Judge.
The employer/carrier (E/C) appeal a final order of the deputy commissioner (deputy) awarding permanent total disability and contend, inter alia, that the deputy erred in denying their motion to dismiss for failure to prosecute. We agree and reverse.
After becoming dizzy and vomiting on the job, claimant was taken to his doctor and was admitted to the hospital where he was diagnosed as having suffered a stroke. He filed a claim on September 7, 1978, which was dismissed without prejudice on May 10, 1979, pursuant to a voluntary withdrawal. Claimant filed a new claim on May 24, 1979. On June 2, 1981, more than two years after the claim was filed, the E/C made a motion to dismiss for failure to prosecute the claim. This motion was denied with the condition that the claimant immediately request a hearing on the merits. There was no action taken, such as a request for hearing, the filing of pleadings, an order of the deputy, payment of compensation, provision of medical care, or otherwise for more than two years, i.e., between May 24, 1979, and June 2, 1981.
The claimant contends that dismissal under Fla.W.C.R.P. 11(b) is discretionary. We disagree. Florida Workers' Compensation Rules of Procedure 11(b) provides as follows:
Any claim, or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of Deputy Commissioner, payment of compensation, provision of medical care, or otherwise for a period of two years, is subject to dismissal for lack of prosecution. Upon motion to dismiss filed by any interested party, or upon request of the *142 Deputy Commissioner before whom the action is pending, the file shall be forwarded to the appropriate Deputy Commissioner who shall, after reasonable notice to the parties and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or petition should remain pending. (emphasis added).
Shall is mandatory and not discretionary. See Tascano v. State, 393 So.2d 540 (Fla. 1981). The claimant made no showing of good cause for failure to prosecute and under the rule it is mandatory that the claim be dismissed. See also Anthony v. Collier County School Board, 420 So.2d 895 (Fla. 1st DCA 1982); Handley v. Napoleon Steel Contractors, Inc., 417 So.2d 295 (Fla. 1st DCA 1982). Under these circumstances it was an abuse of discretion for the deputy to deny the E/C's motion to dismiss. See generally, Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), pet. for rev. den., 412 So.2d 468 (Fla. 1982); Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980). Accordingly, we reverse the denial of the E/C's motion to dismiss for failure to prosecute.
REVERSED.
MILLS and JOANOS, JJ., concur.