448 So.2d 11 (1984)
JERRY CHAPMAN, INC. and Security Insurance Company, Appellants,
v.
William IVEY and Division of Workers' Compensation, Appellees.
No. AV-176.
District Court of Appeal of Florida, First District.
March 6, 1984.
Rehearing Denied April 18, 1984.
Susan J. Silverman of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Miami, for appellants.
Alfred D. Bieley, Miami, for appellees.
MILLS, Judge.
In this workers' compensation action, the employer/carrier appeal from a deputy commissioner's order awarding claimant's attorney a fee of $2,500. Because the deputy commissioner erred in denying the employer/carrier's motion to dismiss for failure to prosecute pursuant to Workers' Compensation Rule of Procedure 11(b), we reverse.
It is apparent from the record that no action contemplated by WCRP 11(b) took place on the claim for attorney's fees from 2 February 1981 through 2 March 1983, the day the employer/carrier filed a motion to dismiss for failure to prosecute. Claimant had already been awarded benefits and all that remained was for claimant's attorney to request a hearing on attorney's fees within two years of the last action taken on the claim. When the employer/carrier moved to dismiss after the two-year period expired and claimant's attorney failed to show good cause why the claim should remain pending, the deputy commissioner had no choice but to dismiss. Regal Wood Products, Inc. v. Mendez, 432 So.2d 141 (Fla. 1st DCA 1983).
Claimant's attorney contends negotiation with counsel for the E/C concerning a fee constituted "action" within the meaning of WCRP 11(b). The examples of action set *12 out in 11(b), however, are affirmative acts more definite than mere preliminary negotiation between the parties. To consider such negotiation action contemplated by 11(b) would pervert the meaning of the rule.
For purposes of clarity, we note there is no question compensation to the claimant was paid within two years preceding the E/C's motion to dismiss. But this compensation was paid on the claim for benefits, not on the claim for attorney's fees and is therefore irrelevant.
REVERSED.
McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concurs.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge, dissenting.
I respectfully disagree with the conclusions on appeal that no action contemplated by WCRP 11(b) took place from 2 February 1981 through 2 March 1983, and that claimant failed to show good cause for the deputy's denial of the motion as required by the rule and by Regal.
The text of Rule 11(b)[1] states a standard for such activity differing from that required by the comparable civil rule.[2] From the apparent intent of the framers, shown by the omission of any requirement for record activity and by the general nature of the stated examples of "action ... taken" from which we may define the terms "or otherwise" in applying the rule, I would find that the deputy properly denied dismissal based on evidence of negotiations between counsel during the period. The deputy could certainly conclude that such action was a good faith effort to avoid further hearing by agreement on the amount of the fee required by the previous order and mandate of this court. In addition, the record here clearly reflects a payment of compensation within the two years preceding the motion. Under the terms of the rule that activity in connection with the primary claim from which the fee derives would also, in my opinion, permit affirmance.
NOTES
[1] (b) Any claim, or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of Deputy Commissioner, payment of compensation, provision of medical care, or otherwise for a period of two years, is subject to dismissal for lack of prosecution. Upon motion to dismiss filed by any interested party, or upon request of the Deputy Commissioner before whom the action is pending, the file shall be forwarded to the appropriate Deputy Commissioner who shall, after reasonable notice to the parties and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or petition should remain pending. [e.s.]
[2] Rule 1.420. Dismissal of Actions

.....
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute. [e.s.]