470 So.2d 819 (1985)
FLORIDA POWER & LIGHT COMPANY, Appellant,
v.
Dona L. CALLAHAN, Appellee.
No. AZ-437.
District Court of Appeal of Florida, First District.
June 12, 1985.
Albert E. Harum, Jr., Miami, for appellant.
No appearance for appellee.
JOANOS, Judge.
In this workers' compensation cause the self-insured employer appeals that portion of the deputy commissioner's order which denied their motion to dismiss for failure to prosecute with respect to a pending claim for attorney's fees. We reverse.
The initial claim in this case was filed on October 2, 1978, for an injury which occurred on September 18, 1978. At that time, the claimant sought temporary total disability benefits, temporary partial disability benefits, permanent partial disability benefits, future medical care, and attorney's fees. The claimant received temporary partial disability benefits and medical care intermittently from the date of the accident through April 1981.
The last activity on this claim occurred on April 16, 1981, when the deputy granted claimant's request for further evaluation and continuing care, denied claimant's request for treatment by a different orthopedic surgeon, and reserved the matter of attorney's fees and costs.
On February 8, 1984, the employer filed a motion to dismiss for lack of prosecution, pursuant to Florida Workers' Compensation Rule of Procedure 11(b). Rule 11(b) provides that in those instances in a workers' compensation claim "in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of Deputy Commissioner, payment of compensation, provision of medical care, or otherwise for a period of two years, [the claim] is subject to dismissal for lack of prosecution." On May 1, 1984, a hearing was held on the employer's motion to dismiss. Claimant's attorney agreed there had been no activity on the claim since April 27, 1981, but requested that the deputy reserve the matter of costs and attorney's fees. In an order dated May 16, 1984, the deputy commissioner granted the motion to dismiss with respect to the underlying workers' compensation claim, but left open the issue of an attorney's fee.
It was error to deny the motion to dismiss the claim for attorney's fees because no action had been taken within the two year period provided by Florida Workers' *820 Compensation Rule of Procedure 11(b). See: Jerry Chapman, Inc. v. Ivey, 448 So.2d 11 (Fla. 1st DCA 1984). Accordingly, we reverse the deputy commissioner's order denying the motion to dismiss the pending claim for attorney's fees.
THOMPSON and ZEHMER, JJ., concur.