619 So.2d 1 (1993)
ORANGE COUNTY SCHOOL BOARD and Gallagher Bassett Services, Inc., Appellants,
v.
Mary Jane PERKINS, Appellee.
No. 92-832.
District Court of Appeal of Florida, First District.
April 5, 1993.
Rehearing Denied June 24, 1993.
Timothy F. Stanton, of Moore & Peterson, Orlando, for appellants.
Douglas H. Glicken, Douglas H. Glicken, P.A., Orlando, for appellee.
EN BANC
KAHN, Judge.
Orange County School Board and Gallagher Bassett Services, Inc. (E/SA) appeal an order entered by the Judge of Compensation Claims (JCC) in which the judge refused to dismiss appellee's workers' compensation claim for lack of prosecution, pursuant to Rule 4.110(b), Florida Workers' Compensation Rules of Procedure, and proceeded to authorize Dr. Thomas Brodrick as appellee's authorized treating physician. On appeal, the E/SA argue that the JCC committed error by refusing to dismiss the claim. We affirm.
The facts are without dispute. On April 3, 1987, appellee Perkins settled all aspects of her workers' compensation claim excluding medical expenses for future treatment. Pursuant to agreement between Perkins and the E/SA, Dr. Stanford was to be Ms. Perkins' only authorized treating physician. Subsequently, however, Dr. Stanford retired from practice, leaving Perkins without an authorized treating physician.
On January 10, 1989, Perkins filed a claim for benefits seeking medical care and specifically seeking an authorized treating physician. A notice of hearing mailed February 8, 1989 set the hearing on the petition for October 4, 1989. Prior to that date, however, the JCC cancelled the hearing and returned the file to the Department of Labor and Employment Security in Tallahassee. Along with the file, the JCC sent a form transmittal letter noting the cancellation of the October 4, 1989 hearing. The file and transmittal letter were logged in by the Department of Labor and Employment Security on September 28, 1989, according to records in the Division of Workers' Compensation file.
On September 27, 1990, the E/SA moved for an order of dismissal for lack of prosecution of the claim. On January 24, 1991, *2 the JCC denied the motion to dismiss.[1] The E/SA again raised the issue of failure to prosecute at the merits hearing.
The JCC again rejected the E/SA's contention finding as follows:
3. The hearing of October 4, 1989 was canceled by the Judge of Compensation Claims. The Order[2] canceling the October 4, 1989 hearing was filed and received by the Department of Labor and Security [sic], in the Records Department, in Tallahassee, Florida, on September 28, 1989. I base this finding on the records contained in the division file.
.....
6. In addition to the pleadings contained in the record, admitted into evidence was correspondence between counsel for claimant and counsel for the employer/carrier. Specifically, on February 6, 1989, counsel for the employer/carrier asked what additional medical is claimant requesting. On March 27, 1989, counsel for the employer/carrier wrote to counsel for claimant.
`Please let me know what doctor Ms. Perkins would like to see. I thought we have agreed to several in the Apopka area, but due to some problems, there have been difficulties in getting her in to see various practitioner. A phone call will probably resolve this matter.'
On September 14, 1989, counsel for claimant wrote to counsel for employer/carrier.
`I am at this time requesting continuing medical care for my client by Dr. Bookhardt in Altamonte Springs.'
On November 8, 1989, counsel for the employer/carrier wrote to counsel to claimant.
`Would your client be interested in seeing Dr. Gomez at the Mid-Florida Orthopedic Group.'
On November 14, 1989, counsel for claimant wrote to claimant.
`At this time, the insurance company has authorized Dr. Juan Gomez at the Mid-Florida Orthopedic Group in Altamonte Springs for your continuing care.'
7. It is again the finding of the undersigned Judge of Compensation Claims, that the employer/carrier's motion to dismiss is denied. Not only was there a filing of pleadings within the one year period, but, also it is clear there was nonrecorded [sic] activity occurring, pertaining to the outstanding issue of additional medical care for claimant, within the one year period.
In Anthony v. Collier County School Board, 420 So.2d 895 (Fla. 1st DCA 1982), we held that the mailing of a claim acknowledgment letter by the Division of Workers' Compensation is not action within the meaning of former Rule 11(b), Florida Workers' Compensation Rules of Procedure. Likewise, in the present case, the transmittal letter may not be said to be the type of activity contemplated by Rule 4.110(b).[3] The transmittal letter, which sent the file back to Tallahassee, certainly did nothing to move the matter toward a resolution.
*3 We next consider whether the JCC's finding that there was nonrecord activity pertaining to the issue of claimant's medical care is supported by competent substantial evidence, and is sufficient to uphold the JCC's refusal to dismiss the case. We first note that the JCC's mention of letters written March 27, 1989 and September 14, 1989 is irrelevant, since these letters predate the one-year period leading up to the E/SA's motion to dismiss. We focus, therefore, upon the November 8, 1989 letter from the E/SA to claimant's attorney, and the November 14, 1989 letter from the attorney to the claimant.
In Jerry Chapman, Inc. v. Ivey, 448 So.2d 11 (Fla. 1st DCA 1984), this court held in a 2-1 decision that negotiation between counsel concerning a fee did not constitute action within the meaning of former Rule 11(b). Upon close consideration, we now recede from Jerry Chapman, Inc.
In her dissent in Jerry Chapman, Inc., supra, Judge Wentworth compared the text of former Rule 11(b) with its counterpart in the Florida Rules of Civil Procedure, Rule 1.420(e). Rule 11(b), now Rule 4.110(b), requires dismissal where "no action has been taken by request for hearing, filing of pleadings, order of judge of compensation claims, payment of compensation, provision of medical care, or otherwise for a period of one year" (e.s.).
Rule 1.420(e), Florida Rules of Civil Procedure, provides:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed... . (e.s.)
Thus, in the context of a civil action, the words "or otherwise" refer to matters appearing on the face of the record. In the workers' compensation context, however, the words "or otherwise" simply refer to "action." As the dissent in Jerry Chapman, Inc., supra, notes, a Judge of Compensation Claims could properly deny dismissal based upon evidence of negotiations between counsel during the relevant period: "The deputy could certainly conclude that such action was a good faith effort to avoid further hearing by agreement on the amount of the fee required by the previous order and mandate of this court." 448 So.2d at 12 (Wentworth, J., dissenting).
The public policy underlying Florida's workers' compensation law, Chapter 440, Florida Statutes, strongly seeks to encourage informal handling of claims without judicial intervention. See Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla. 1960) (workers' compensation law intended to provide a direct, informal, and inexpensive method); Blount v. State Road Department, 87 So.2d 507 (Fla. 1956) (law designed to afford a speedy and summary disposition of claims). Indeed, the generally accepted self-executing nature of the workers' compensation law is inconsistent with the strict construction of the rule adopted by this court in Jerry Chapman, Inc. See Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981).
The sole issue raised by Ms. Perkins' claim was the appointment of an authorized treating physician. Without dispute, she was entitled to continuing medical treatment under the terms of her 1987 settlement order. Significantly, the November 8, 1989 letter from the E/SA to Perkins' lawyer addresses squarely, and exclusively, the matter at issue, i.e., the designation of a treating physician. The JCC in the present case found that this letter was sufficient "activity" to avoid dismissal. It is our view that the record contains competent substantial evidence to support the JCC's conclusion on this point. Accordingly, the finding of the JCC is entitled to deference. We also note the JCC's view of the rule, at least with regard to the sufficiency of certain nonrecord activity, is in accord with recent observations made by this court. See Blue v. Malone & Hyde, 575 So.2d 292, 293 (Fla. 1st DCA 1991) ("[T]he rule (4.110) contemplates record and nonrecord activity as sufficient ... Accordingly, the JCC's consideration should not have been limited to record activity during the nondismissal period.); see also, Gilman v. South Fla. Water Mgt. Dist., 584 So.2d 591, 595 (Fla. 1st DCA *4 1991) (filing of amended claim and application for hearing, and "other nonrecord activity").
AFFIRMED.
JOANOS, C.J., and ERVIN, BOOTH, SMITH, WIGGINTON, ZEHMER, BARFIELD, MINER, ALLEN, WOLF, WEBSTER and MICKLE, JJ., concur.
NOTES
[1] The E/SA sought to take an interlocutory appeal of this denial, but this court dismissed the appeal for lack of jurisdiction.
[2] The "Order" referred to is the transmittal letter from the JCC to the Department.
[3] Rule 4.110(b) differs from former Rule 11(b) only in that the current rule refers to the Judge of Compensation Claims rather than the Deputy Commissioner, and establishes a nonprosecution period of one year instead of the former two years. The current rule reads as follows:

Any claim or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of judge of compensation claims, payment of compensation, provision of medical care, or otherwise for a period of one year, is subject to dismissal for lack of prosecution. On motion to dismiss filed by any interested party, or upon request of the judge of compensation claims before whom the action is pending, the file shall be forwarded to the appropriate judge of compensation claims who shall dismiss the claim or petition, after service of notice to the parties by regular mail, at their last known addresses, and opportunity for hearing, unless a party shows good cause why the claim or petition should remain pending.