BENTON, Judge.
When the parties reached a settlement consisting of a “lump-sum payment in exchange for the employer’s or carrier’s release from liability for future medical expenses, as well as future payments of compensation and *510 rehabilitation expenses,” section 440.20(12)(b), Florida Statutes (1991), the merits of John Sandham’s claims then pending below against co-appellees were resolved. Remaining for decision, however, was appellant’s contention that, as the lawyer who filed the original claim for benefits on Mr. Sand-ham’s behalf, and represented him thereafter until Mr. Sandham terminated his employment, without cause, Mr. Dusek or his office was entitled to a lien for an attorney’s fee on a quantum meruit theory. The judge of compensation claims ruled that there was no such entitlement. We reverse.
We affirm the order of the judge of compensation claims insofar as it determined that the employer and carrier have no liability for attorney’s fees. The parties entered into a settlement approved under section 440.20(12)(b), Florida Statutes (1991), which provides that “a claimant shall be responsible for the payment of his own attorney’s fees in any case settled under this subsection.” We reverse only so much of the order as denies appellant a lien for his attorney’s fee, and remand with instructions that the judge of compensation claims determine the value of the services that appellant rendered claimant before he was discharged. See Sinclair, Louis, Siegel, Heath, Nussbaum Zavertnik, P.A v. Baucom, 428 So.2d 1383 (Fla.1983).
The judge of compensation claims should determine to what extent, if any, appellant’s alleged thirty hours of work on the claimant’s behalf benefitted the claimant by laying a predicate for the settlement ultimately reached after the claimant engaged successor counsel. We note that claimant refused medical benefits that the employer’s carrier offered him during appellant’s representation. The fact that claimant received no monetary benefits during the ten months that appellant represented him does not establish that appellant’s services were of no value to him. No party urges decision on the basis of any express contract for fees. Appellant is entitled to a lien upon compensation payable to the claimant in the amount of the reasonable value of the services which he performed prior to discharge. § 440.34(4), Fla.Stat. (1991). See Sohn v. Brockington, 371 So.2d 1089 (Fla. 1st DCA 1979) (allowing recovery of attorney’s fees by a discharged attorney in quantum meruit); Florida Silica Sand Co. v. Parker, 118 So.2d 2, 4 (Fla.1960) (holding quantum meruit is proper basis for fixing the amount of a workers’ compensation “fee absent a specific contract”).
REVERSED.
BOOTH and MICKLE, JJ., concur.