687 So.2d 1388 (1997)
SHARYN D. GARFIELD, P.A. and Sharyn D. Garfield, Esq., Appellants,
v.
Deborah K. GREEN and Robert Bruce Green, Appellees.
No. 96-1231.
District Court of Appeal of Florida, Fourth District.
February 26, 1997.
Sharyn D. Garfield of the Law Offices of Sharyn D. Garfield, P.A., Coral Springs, pro se.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., and Robert J. Moraitis of Robert J. Moraitis, P.A., Fort Lauderdale, for Appellee-Robert Bruce Green.
STEVENSON, Judge.
Appellant, the wife's former attorney in a dissolution proceeding, appeals the trial court's order denying her motion to enforce an attorney's charging lien against the former husband. We reverse.
Appellant's attorney's charging lien was properly perfected by the timely filing of notice of such lien. Both the former husband and his attorney had notice of the lien; yet, without notice to appellant, a settlement agreement was negotiated, which allowed for the entry of a final judgment that made no provision for the lien and allowed all of the funds to be distributed directly to the wife. One of the advantages of a perfected charging lien is that it may prevent the lienee from obtaining unfettered access to the funds to the possible detriment of the lienor's rights. See Wishoff v. Wishoff, 497 So.2d 1351, 1353 (Fla. 4th DCA 1986)(Glickstein, J., concurring specially) (noting that a charging lien "protects counsel from the parties' looking after themselves at his expense"); Dowda & Fields, P.A. v. Cobb, 452 So.2d 1140, 1142 (Fla. 5th DCA 1984)(stating "charging lien... is based upon equitable principles; the client should not be allowed to appropriate the whole of a judgment, award or decree if the attorney who secured it has not been compensated").
Here, because appellant had no opportunity to participate in the settlement negotiations and was without notice that the particular negotiated judgment was going to be entered, appellant was unable to protect her lien rights prior to the entry of that judgment. This case is directly controlled by Hutchins v. Hutchins, 522 So.2d 547 (Fla. 4th DCA 1988). Accordingly, appellant is *1389 entitled to enforce her attorney's charging lien against the former husband.
REVERSED.
GLICKSTEIN and STONE, JJ., concur.