877 So.2d 927 (2004)
Richard E. ZALDIVAR, Appellant,
v.
OKEELANTA CORP. & Alexis, Inc./RSKCo., Appellees.
No. 1D02-4754.
District Court of Appeal of Florida, First District.
July 26, 2004.
*929 Jay M. Levy of Jay M. Levy, P.A., Miami, for Appellant.
Walter E. Beisler of Beisler & Beisler, West Palm Beach, for Appellees.
KAHN, J.
In this case, arising from a workers' compensation matter, the Judge of Compensation Claims (JCC) dismissed appellant Richard Zaldivar's charging lien for attorney's fees. The JCC predicated the dismissal upon Rule 4.075(e), Florida Rules of Workers' Compensation Procedure, a one-year failure to prosecute provision. We vacate the order and remand for further proceedings as to the lien.
Save for one essential item, the facts are undisputed. On May 24, 2000, appellant Zaldivar, an attorney, sought withdrawal from his representation of claimant Juan Fernandez in the underlying workers' compensation matter. In the stipulation, Zaldivar noted that as former attorney, he would retain "any entitlement for attorney fee lien and costs." Shortly thereafter, the JCC approved the withdrawal. Several months later, the attorney for the employer and its servicing agent wrote Zaldivar requesting Zaldivar's position on any additional attorney's fees lien Zaldivar may have in the case. Zaldivar faxed a response affirming his claim of a charging lien for attorney's fees. In a letter, the employer's attorney then acknowledged receipt of the fax but stated he would need some further basis for the lien. Zaldivar did not respond to this last letter.
On January 25, 2001, the employer and the claimant entered a joint stipulation for a lump sum settlement of the workers' compensation case. This stipulation provided, among other things, "the employer/servicing agent agrees to satisfy the lien, if any, of Richard Zaldivar." In due course, the JCC approved the stipulation and ordered the parties to comply with its provisions.
Zaldivar did not receive notice of the anticipated settlement, did not receive a copy of the proposed stipulation, and did not receive contemporaneous notice of the JCC's approval of the settlement. These facts are without dispute. Nevertheless, one factual matter, apparently relied upon by the JCC, is subject to sharp dispute. On February 8, 2001, the employer's attorney purportedly wrote a letter informing Zaldivar of the settlement and requesting that Zaldivar forward a demand which would include a specific outline of any basis for entitlement and amount of an "attorney's fee lien." Zaldivar has consistently taken the position that he never received such a letter.
On June 17, 2002, the employer filed a Motion to Dismiss for Lack of Prosecution relying upon Rule 4.075(e) and contending, correctly, that no activity on the claim for attorney's fees had taken place during the year prior to filing the motion. Zaldivar responded immediately indicating that he did not dispute the allegation that no activity had occurred, but asserting that settlement documents had never been served upon him, nor did he have any knowledge that a settlement had occurred. Zaldivar also advanced the theory that attorney's fees liens would not be subject to dismissal for lack of prosecution. Zaldivar specifically requested that the JCC conduct an evidentiary hearing to resolve any factual matters concerning whether he ever had notice of the settlement. Instead, the JCC placed the matter on a summary motion calendar and entered an order, without findings of fact or conclusions of law, dismissing *930 Zaldivar's lien for lack of prosecution. Zaldivar has appealed this order.
We find the JCC erred by summarily dismissing Zaldivar's lien. The fee lien did not become ripe for adjudication until a settlement created proceeds upon which the lien could attach. See Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 93 (Fla. 3d DCA 1987). Because Zaldivar contends he never received notice of the settlement, a question of fact exists concerning whether he slept on his rights to have the lien adjudicated.
Moreover, we conclude that a charging lien is not subject to Rule 4.075(e). A "charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla.1983). Perfection of a charging lien requires only timely notice to the affected parties. Id. at 1385. Without dispute, the employer, as well as the claimant and the claimant's new attorney, had notice of Zaldivar's charging lien at the time of the settlement. Given this, both the employer and the claimant had an affirmative obligation to inform Zaldivar of the settlement stipulation. See Miller v. Scobie, 152 Fla. 328, 11 So.2d 892, 894 (1943); Samuel L. Heller, P.A. v. Held, 817 So.2d 1023, 1025 (Fla. 4th DCA 2002). The establishment of the lien "declares the right of the attorney to participate in the recovery." Litman, 517 So.2d at 94 n. 6.
In Sharyn D. Garfield, P.A. v. Green, 687 So.2d 1388 (Fla. 4th DCA 1997), the court reversed a trial court's order denying an attorney's motion to enforce a charging lien. There, former spouses entered into a settlement without providing notice to the wife's former attorney who had perfected a charging lien. Id. at 1388. The court found that the former attorney was entitled to enforcement of the lien because she "had no opportunity to participate in the settlement negotiations and was without notice that the particular negotiated judgment was going to be entered" and was therefore "unable to protect her lien rights prior to the entry of that judgment." Id. Likewise, in Brown v. Vermont Mutual Insurance Co., this court held:
[I]f a party ... holding such proceeds of the recovery or settlement pays it to the client with notice to or knowledge of the client's attorney who is claiming a fee and a charging lien without protecting the attorney's interest, that party... may nevertheless be held liable, jointly and severally with the attorney's client, for the amount of the client's attorney's fees and costs.
614 So.2d 574, 580-81 (Fla. 1st DCA 1993). We conclude that the parties to the settlement in the underlying workers' compensation case had an affirmative obligation under the law to notify Zaldivar of the settlement and to protect his lien interest in the settlement proceeds.
Appellees rely upon two cases involving workers' compensation attorney's fees, but not charging liens, where this court determined that the claim for fees may be subject to dismissal for lack of prosecution. See Fla. Power & Light Co. v. Callahan, 470 So.2d 819 (Fla. 1st DCA 1985); Jerry Chapman, Inc. v. Ivey, 448 So.2d 11 (Fla. 1st DCA 1984). The court applied the predecessors to Rule 4.075 in those cases because the attorney's fees claims in those cases were tied to the claimant's cause of action in workers' compensation. We find these cases distinguishable from the present matter.
A charging lien differs in nature from the claims for attorney's fees in Ivey and *931 Callahan. Florida courts have consistently defined a charging lien as an equitable right. See, e.g., Sinclair, 428 So.2d at 1384; Mitchell v. Coleman, 868 So.2d 639, 641 (Fla. 2d DCA 2004); Heller, 817 So.2d at 1025; Brown, 614 So.2d at 580. We do not equate such a right with a "claim or petition" as referenced in Rule 4.075(e)(1). A "lien," in general, is defined as a "legal right or interest that a creditor has in another's property, lasting [usually] until a debt or duty that it secures is satisfied." Black's Law Dictionary 933 (7th ed.1999) (emphasis added). A charging lien represents a right held by the attorney, rather than one that must be asserted by the claimant. Accordingly, the time limit on enforcement would not necessarily be controlled by the Rule of Workers' Compensation Procedure governing prosecution of the workers' compensation matter.
Because the charging lien is an equitable right, we conclude that the JCC should not have disposed of Zaldivar's lien absent proof of an equitable defense such as laches. In Nichols v. Kroelinger, 46 So.2d 722 (Fla.1950), the Florida Supreme Court addressed the problem of an attorney attempting to collect on a charging lien he had failed to pursue for sixteen years. The court held that, because of the statute of limitations, the attorney could not seek the appointment of an administrator for the client's estate five years after the client had died. Id. at 724. Nevertheless, the court concluded that the attorney was free to pursue recovery on lien from the client's widow, reasoning:
Under the common law his lien attached to the judgment and since we have no statute in this State modifying or repealing the common law or protecting the lien, the common law is still in effect, so he may resort to that and move against the judgment to satisfy his lien. The lien inheres in the judgment so long as it is kept alive, regardless of who holds it.
Id. (emphasis added); see also Litman, 517 So.2d at 92 n. 4.
Because laches, rather than Rule 4.075, will control on remand, we briefly examine that doctrine. As the Florida Supreme Court has established, "laches is a doctrine asserted as a defense, which `requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" McCray v. State, 699 So.2d 1366, 1368 (Fla.1997) (quoting Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961)). The first element of laches, lack of diligence, cannot be established in this case absent some finding that Zaldivar had notice that his lien had ripened by settlement of the underlying workers' compensation matter. This court has ruled that for laches to apply in the general equitable context, the plaintiff must have both knowledge of the defendant's conduct, and have been afforded the opportunity to institute an action. See McIlmoil v. McIlmoil, 784 So.2d 557, 563-64 (Fla. 1st DCA 2001); Wing v. Wing, 464 So.2d 1342, 1344 (Fla. 1st DCA 1985). In determining whether prejudice has occurred, should the JCC reach that question, the JCC must apply the general equitable tenet that delay rises to prejudice where the party defending the claim establishes that enforcement would be inequitable or unjust. See Garcia v. Guerra, 738 So.2d 459, 461 (Fla. 3d DCA 1999).
The dismissal in this matter must be vacated and the cause remanded to the JCC for further proceedings. The JCC must initially make a determination of whether Zaldivar had proper notice of the settlement. A finding of no notice would be determinative in Zaldivar's favor. Should the JCC find that Zaldivar did have *932 notice, strict application of Rule 4.075(e) would not be warranted; instead, the JCC should conduct an inquiry based upon the equitable doctrine of laches. We hasten to add, however, that although we hold laches applies to enforcement of the lien, we do not mean to say that the JCC must, as a matter of law, extend the time period beyond that provided by Rule 4.075(e). Rather, the equitable determinations centering upon injury or prejudice would be dispositive.
We VACATE the JCC's order dismissing Zaldivar's charging lien, and REMAND for further proceedings.
DAVIS and PADOVANO, JJ., CONCUR.