SCHWARTZ, Senior Judge
(dissenting).
While I agree that Sherlon did not appropriately inform the appellant law firm of the settlement, I dissent from reversal because that lapse was not a legal cause of the firm’s failure to recover.
The reason for informing the lawyer of a settlement is to permit him to take steps to protect his charging lien. See Zaldivar v. Okeelanta Corp., 877 So.2d 927 (Fla. 1st DCA 2004). In this case, however, the Hall firm, by other means, actually learned not only of the settlement but of the location of the proceeds: in “escrow” with the plaintiffs representative, a person who stated he was an attorney, but was not. Indeed, the firm succeeded in imposing a charging lien on the fund — just as it would have had the defendant given appropriate notice. Hall did not get its fee, however, only because the “escrow agent” eloped with the entire settlement. Putting it in legalese, the theft was the sole proximate cause of Hall’s damages. Obversely, the appellee’s missteps were immaterial to and were thus not a legal cause of the loss. See Stuart Yacht Club & Marina v. Dep’t of Natural Res., 625 So.2d 1263, 1268-69 (Fla. 4th DCA 1993) (absence of required notice immaterial when a party acquires knowledge otherwise); see also Jones v. Fla. Ins. Guar. Assoc., 908 So.2d 435, 452-53 (Fla.2005); ef. Clark v. Lumbermans Mut. Ins. Co., 465 So.2d 552 (Fla. 1st DCA 1985) (absence of required warning immaterial when party otherwise knows of defect); 72A C.J.S. Products Liability § 17; 63A Am.Jur.2d Products Liability §§ 1161, 1162. On that basis, I would affirm.