PER CURIAM.
 

 In this workers’ compensation appeal, Appellant argues the Judge of Compensation Claims (JCC) erred by dismissing, with prejudice, his attorney’s fee claim for lack of prosecution pursuant to section 440.25(4)(i), Florida Statutes (2008). For the reasons explained below, we agree and reverse.
 

 In 1996, Appellant represented a claimant at a mediation, which resulted in a joint stipulation. Pursuant to the stipulation, Appellees agreed to pay certain benefits and jurisdiction was reserved “for any attorney’s fee due and owing in conjunction with the claim.” On September 19, 2008, Appellees filed a motion to dismiss all pending claims for attorney’s fees for failure to prosecute. On October 3, 2008, Appellant filed a verified fee petition and affidavit seeking fees from Appellees pursuant to the 1996 stipulation.
 

 After a hearing, the JCC found that she had the authority to dismiss the fee petition pursuant to section 440.25(4)(i), Florida Statutes, because the last record activity in the claim was the October 9, 1996, order approving the joint stipulation and Appellant did nothing to prosecute the claim until after Appellees filed their motion to dismiss in 2008. The JCC further found that the fees Appellant sought were “tied to the claim for indemnity benefits [addressed in the joint stipulation] and should have been prosecuted within one year,” and Appellant did not show good cause for his failure to do so. The JCC also rejected Appellant’s argument that Appellee had the burden to show prejudice to establish a defense of laches. Rather, the JCC relied on
 
 Florida Power & Light Co. v. Callahan,
 
 470 So.2d 819 (Fla. 1st DCA 1985), and
 
 Regal Wood Products v. Mendez,
 
 432 So.2d 141 (Fla. 1st DCA 1983), as authority for dismissing the fee petition. Based on the foregoing, the JCC dismissed Appellant’s fee petition with prejudice.
 

 First, the JCC erred in relying on section 440.25(4)(i) to dismiss the petition with prejudice. Section 440.25(4)(i), Florida Statutes, provides:
 

 
 *672
 
 A judge of compensation claims may ... dismiss a petition for lack of prosecution if a petition, response, motion, order, request for hearing, or notice of deposition has not been filed during the previous 12 months unless good cause is shown. A dismissal for lack of prosecution is without prejudice and does not require a hearing.
 

 This section does not apply because less than one year passed between the time Appellant filed his fee petition and the time a hearing was held to address it. Moreover, this section does not provide for dismissal with prejudice. Second, the cases relied on by the JCC to dismiss the petition were based on Florida Workers’ Compensation Rule of Procedure 11(b).
 
 See Callahan,
 
 470 So.2d at 819;
 
 Mendez,
 
 432 So.2d at 141. However, this rule, along with all workers’ compensation procedural rules adopted by the Florida Supreme Court, was repealed in 2004,
 
 see Amendments to Fla. R. Workers Comp. P.,
 
 891 So.2d 474, 479 (Fla.2004), and it was effectively replaced by section 440.25(4)(i). This statute allows for dismissing a “petition” for lack of prosecution, whereas former rule 11(b) allowed for dismissing “[a]ny
 
 claim,
 
 or any
 
 petition to modify.”
 
 (emphasis added). Due to this change in the law and the fact that the parties’ 1996 stipulation did not constitute a petition for purposes of section 440.25(4)(i), the holdings of
 
 Callahan
 
 and
 
 Mendez
 
 do not control the outcome of this case and the JCC erred in relying on those cases as authority to dismiss the petition for fees.
 

 Finally, the JCC erred in rejecting Appellant’s argument that Appellees had the burden “to prove laches and show that he acted with a lack of diligence and, as a result [Appellees have] been prejudiced.” This court recently reiterated that “laches is a doctrine asserted as a defense, which requires proof of (1) lack of diligence by the party against whom the defense is being asserted, and (2) prejudice to the party asserting the defense.”
 
 Zaldivar v. Okeelanta Corp.,
 
 877 So.2d 927, 931 (Fla. 1st DCA 2004). Thus, the JCC erred by finding that Appellees did not have the burden of proving either of these elements of its defense, and by not determining whether Appellees overcame this burden. We note, however, the only prejudice argued by Appellees during the proceedings below involved the alleged difficulty in determining the appropriate hourly fee rate for “the mid-1990s,” an argument the JCC rejected at the hearing.
 

 For the foregoing reasons, the JCC erred by dismissing Appellant’s fee petition for lack of prosecution. Accordingly, we REVERSE and REMAND this case for proceedings consistent with this opinion.
 

 WEBSTER, DAVIS, and LEWIS, JJ., concur.