THOMAS, J.
 

 Appellant, a law firm which previously represented Appellee Mary Scott in her workers’ compensation claim, seeks reversal of an order of the Judge of Compensation Claims (JCC) denying, as a matter of law, recovery of fees based on a quantum meruit charging lien. We reverse, and hold that the 2003 statutory reforms did not implicitly eliminate an attorney’s equitable entitlement to a quantum meruit charging lien.
 

 Facts
 

 Scott allegedly injured her shoulders, wrists, and hands as the cumulative result
 
 *874
 
 of repetitive work activities. Her claim for workers’ compensation benefits was contested by her employer and its workers’ compensation carrier (the E/C). Scott hired the law firm of Rosenthal, Levy & Simon, P.A., (Rosenthal) to represent her. Rosenthal represented Claimant from September 2007 through May 16, 2008, by providing legal services with the aim of securing workers’ compensation benefits. Although the E/C continued to deny the claim, and thus paid no benefits, on Friday, May 16, 2008, it offered Scott, through Rosenthal, $7,500 to resolve the case on a lump-sum basis. Before the offer was accepted, Scott discharged Ro-senthal and hired a new attorney, Michael Celeste (Celeste). On Monday, May 19, 2008, Celeste settled Scott’s case for a lump sum of $10,000. Rosenthal filed a charging lien on the settlement proceeds for the value of services provided prior to discharge, and requested an evidentiary hearing.
 

 The JCC held an evidentiary hearing on Rosenthal’s motion to enforce the quantum meruit charging lien, and evidence was introduced regarding Rosenthal’s services. The JCC denied Rosenthal’s entitlement to fees under a quantum meruit theory, concluding that because Rosenthal did not “secure” any benefits, no fees were due under the statute. In reaching this conclusion, the JCC determined that in the 2003 revision of the workers’ compensation fee statute, particularly section 440.34(1), Florida Statutes (2003), the Legislature restricted fee entitlement to only the attorney responsible for “securing” benefits, and thus implicitly overruled this court’s holding in
 
 The Law Office of James E. Dusek, P.A. v. T.R. Enterprises,
 
 644 So.2d 509 (Fla. 1st DCA 1994) (holding attorney discharged prior to securing benefits is entitled to compensation based on value of services which laid predicate for settlement ultimately reached).
 

 Entitlement to Quantum Meruit Charging Lien
 

 Charging liens have been recognized in Florida for more than a century.
 
 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom,
 
 428 So.2d 1383, 1384 (Fla.1983). Under the “modified quantum meruit” rule adopted by the Florida Supreme Court, an attorney employed under a contingency contract who is discharged without cause before the contingency has occurred can recover only the value of his services rendered prior to discharge, limited by the maximum contract fee.
 
 See Rosenberg v. Levin,
 
 409 So.2d 1016, 1021 (Fla.1982). When the amount of the displaced attorney’s fee is based on a percentage of the amount recovered, it is “absolutely imperative” that the trial court determine what impact, if any, the attorney’s services prior to discharge had on the ultimate recovery.
 
 Sohn v. Brockington,
 
 371 So.2d 1089, 1095 (Fla. 1st DCA 1979) (explaining procedure to be used to quantify charging lien where contingency fee is apportioned between lawyers).
 

 Quantum meruit fee liens are applicable to workers’ compensation settlements.
 
 See Dusek,
 
 644 So.2d at 510 (citing section 440.34(4), Florida Statutes (1991), and Sohn);
 
 see also Zaldivar v. Okeelanta Corp.,
 
 877 So.2d 927 (Fla. 1st DCA 2004). A charging lien differs in nature from a claim for attorney’s fees.
 
 Zaldivar,
 
 877 So.2d at 930-31. Florida courts have consistently defined a charging lien as an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit.
 
 See id.
 
 Here, the JCC decided, as a matter of law, that Rosenthal was not entitled to a fee lien because
 
 Du-sek
 
 “predates” the 2003 changes to the attorney’s fee statute. We disagree.
 

 
 *875
 
 Although the Legislature changed the attorney’s fee statute in 2003, the changes affected only the maximum amount of attorney’s fee a claimant can be required to pay based on benefits secured.
 
 See
 
 § 440.34(1), Fla. Stat. (2003) (stating claimant-paid fees based on benefits secured must equal set percentage). Nothing in the 2003 statute suggests that the Legislature, in limiting the
 
 amount
 
 of fees a claimant must pay for benefits secured, intended to alter or overrule the
 
 Dusek
 
 holding relative to a discharged attorney’s
 
 entitlement
 
 to a charging lien. To the contrary, the 2003 revisions did not alter, in any material way, section 440.34(4), Florida Statutes (1991), the provision of the fee statute cited by the
 
 Dusek
 
 court as the basis for its decision.
 
 See
 
 § 440.34(4), Fla. Stat. (2003) (“In such cases in which the claimant is responsible for the payment of her or his own attorney’s fees, such fees are a lien upon compensation payable to the claimant_”).
 

 “ ‘[T]he Legislature is presumed to know the judicial constructions of a law when enacting a new version of that law.’ ”
 
 City of Hollywood v. Lombardi,
 
 770 So.2d 1196, 1202 (Fla.2000) (quoting
 
 Brannon v. Tampa Tribune,
 
 711 So.2d 97, 100 (Fla. 1st DCA 1998)) (holding court’s prior construction of statute governing carrier’s lien rights on employee’s third-party recovery applicable to revised statute where nothing in new statute either expressly or implicitly overturned court’s prior holding). Furthermore, the Legislature is presumed to have adopted prior judicial constructions of a law unless a contrary intention is expressed in the new version.
 
 Id.
 

 Had the Legislature intended to overturn
 
 Dusek
 
 in its 2003 revision of the statute, the appropriate and logical place to express such an intention would be in section 440.34(4). Moreover, nothing in the other provisions of the 2003 attorney’s fee statute, either expressly or by implication, suggests that the Legislature intended to abolish a discharged attorney’s right to obtain an equitable quantum meruit share of the recovery.
 

 Here, the JCC attempted to distinguish
 
 Dusek
 
 on the basis that this court has “repeatedly held” that section 440.34(1), Florida Statutes (2003), is to be strictly applied and, therefore, allows the grant of fees only on benefits actually obtained by the attorney seeking a fee. We note that the operative fee statute in
 
 Dusek
 
 also limited the JCC to considering “only those benefits to the claimant that the attorney is responsible for securing.”
 
 See
 
 § 440.34(2), Fla. Stat. (1991);
 
 cf.
 
 § 440.34(2), Fla. Stat. (2003) (“In awarding a claimant’s attorney’s fee, the [JCC] shall consider only those benefits secured by the attorney.”). It was for this very reason that the
 
 Dusek
 
 court recognized the equitable right to quantum meruit fees for services provided under a prematurely terminated contingency fee contract relating to workers’ compensation benefits.
 
 See Dusek,
 
 644 So.2d at 510 (noting no monetary benefits were secured for claimant and no contractual basis for fees was established);
 
 see generally Wildwood Crate & Ice Co. v. Citizen’s Bank of Inverness,
 
 98 Fla. 186, 123 So. 699, 701 (1929) (stating equity will not act when there is adequate remedy at law). The only meaningful and relevant difference between the 1991 and 2003 fee statutes, for our purposes, is in the means of calculating a reasonable fee paid by a claimant for benefits secured, not the means of establishing entitlement to such fees. Based on the foregoing analysis, we hold that
 
 Dusek
 
 is still good law with respect to a discharged attorney’s entitlement to assert a quantum meruit charging lien.
 

 Determining the Value of a Quantum Meruit Lien
 

 There are two conflicting interests involved in determining the issue presented
 
 *876
 
 in this type of attorney-client dispute: First, the client’s need to have confidence in his attorney’s integrity and ability, and, therefore, the ability to discharge his attorney; secondly, the attorney’s right to compensation for work performed.
 
 Rosenberg,
 
 409 So.2d at 1019. By enacting section 440.34(1), Florida Statutes (2003), the Legislature expressed a clear intent to limit the amount of claimant-paid attorney’s fees based on benefits secured to a fixed and invariable statutory formula. In doing so, it added an additional interest for this court to balance in assessing the means by which a discharged attorney’s quantum meruit fee lien is to be calculated.
 

 Limiting the amount of quantum meruit fees payable to a prior attorney is necessary to advance the goal of not penalizing a client for exercising his absolute right to discharge an attorney.
 
 See Rosenberg,
 
 409 So.2d at 1021;
 
 see also Adams v. Fisher,
 
 390 So.2d 1248, 1250 (Fla. 1st DCA 1980) (describing client’s right to discharge counsel as “absolute”). The right to discharge is of little value if the client must risk paying the full contract price for services which are not rendered.
 
 See Sohn,
 
 371 So.2d at 1092. The modified quantum meruit rule does contemplate the possibility that a client might have to pay a fee greater than that provided for by contract (or the rules of professional responsibility).
 
 See Adams,
 
 390 So.2d at 1251. However, the Legislature’s prohibition of fee payments which exceed the percentages set forth in section 440.34(1), Florida Statutes (2003), eliminates such a possibility in a workers’ compensation case.
 
 See
 
 440.34(1), Fla. Stat. (2003) (stating any fee approved by JCC based on benefits secured must equal percentages set forth in statute).
 

 We hold, therefore, that under the 2003 Workers’ Compensation Law, the clear legislative intent was to limit the amount of attorney’s fees payable by a claimant for benefits secured. In cases where the discharged attorney successfully proves entitlement to a charging lien, the JCC is required to apportion the fee between the discharged attorney and the successor attorney. Attorneys who accept a workers’ compensation case with prior representation will be well advised to familiarize themselves with the work of prior counsel and utilize the foundation already laid so as to avoid duplication of efforts. In deciding quantum meruit fee liens, the law presumes regularity and competence in the services performed by the successor attorney.
 
 See Rosenberg,
 
 409 So.2d at 1022.
 

 Here, Rosenthal requests this court to set the value of his fee at $1,375 (the statutory guideline fee based on the $7,500 offer obtained during his tenure), allowing Celeste to recover the remainder of the fee due on the $10,000 settlement. This argument overlooks the JCC’s exclusive authority as the fact-finder. We therefore remand for the JCC to make the appropriate determination as to whether Rosenthal is entitled to a quantum meruit charging lien and the appropriate amount.
 

 REVERSED and REMANDED.
 

 WOLF and PADOVANO, JJ„ concur.