PER CURIAM.
 

 Claimant’s prior attorney appeals the Judge of Compensation Claims’ (JCC’s) dismissal of his attorney’s fee lien. Because we agree the JCC erred, we reverse the order on appeal.
 

 Background
 

 Claimant’s prior attorney, Richard E. Zaldivar, filed a petition for benefits in October 2003, requesting payment of indemnity benefits, medical benefits, attorney’s fees, and costs. In November 2004, Zaldivar filed a substitution of counsel and preserved his attorney’s fee lien.
 

 In October 2008, the employer/carrier (E/C) requested an attorney’s fee lien hearing be scheduled. The hearing took place in December 2008. At the hearing, Zaldivar’s attorney objected to the hearing going forward, asserting that determination of his lien was premature because the claimant had not settled his case with the E/C, and the JCC was without authority to require Zaldivar to file a verified petition for attorney’s fees.
 

 The JCC found Zaldivar invoked the jurisdiction of the JCC when he claimed entitlement to a fee and costs in the 2003 petition for benefits, and again in 2004 when he preserved his lien. Relying on Florida Administrative Code Rule 60Q-6.124(3), which addresses the procedure for resolving disputed attorney’s fees, the JCC found that Zaldivar was required to file his verified petition for attorney’s fees once a hearing on his lien was scheduled.
 
 *1095
 
 The JCC rejected Zaldivar’s reliance on
 
 Gillislee v. FPL,
 
 929 So.2d 716, 717 (Fla. 1st DCA 2006), distinguishing it on the basis that no attorney’s fee hearing was scheduled in
 
 Gillislee;
 
 rather, the JCC in
 
 Gillislee
 
 set an arbitrary time frame for filing of the verified petition.
 

 Analysis
 

 In
 
 Zaldivar v. Okeelanta Corp.,
 
 877 So.2d 927, 930 (Fla. 1st DCA 2004), this court determined that a fee lien does “not become ripe for adjudication until a settlement create[s] proceeds upon which the lien could attach.” We explained that “[a] charging lien represents a right held by an attorney, rather than one that must be asserted by the claimant.”
 
 Id.
 
 at 931. A lien is an equitable right that generally lasts until the property, here, the settlement of the claimant’s case, is created, at which time the attorney can proceed to enforce the lien.
 
 See id.
 
 The suggestion that a prior attorney has the ability to put a case on hold indefinitely ignores the discussion of laches in
 
 Zaldivar.
 
 Once a case settles, and the prior attorney is notified of the settlement, the attorney’s failure to institute an action in a timely fashion can result in dismissal of the lien.
 
 See id.
 
 Because this case had not settled, the JCC erred in dismissing the lien.
 

 Although the JCC endeavored to distinguish
 
 Gillislee,
 
 the result of the order eludes the teaching of that case — a JCC does not have the authority to require a claimant’s attorney to file a verified petition.
 
 See Gillislee,
 
 929 So.2d at 717;
 
 see also Villazano v. Horace Bell Honey Co.,
 
 928 So.2d 515, 516 (Fla. 1st DCA 2006) (holding “the JCC did not have the authority, pursuant to either statute or rule, to set a time limitation for filing the verified petition for fees”).
 

 The amount of a claimant’s attorney’s fee can be, and/or is, depending on the date the claimant is injured, calculated based on “benefits secured.”
 
 See generally
 
 § 440.34, Fla. Stat. In some instances, the “benefits secured” are readily ascertainable, such as when the claim was for a discrete period of indemnity or a specific medical bill. Other times, however, such as where the dispute involved the com-pensability of the accident, the attorney is entitled to a fee to “be determined on the basis of the total benefits secured as a result of the intervention of claimant’s attorney, intervention which was necessitated by the [E/C’s] failure to timely investigate and pay the initial claim.”
 
 B.P. Constr., Inc. v. Garcia,
 
 440 So.2d 76, 78 (Fla. 1st DCA 1983). Because it may take some time to fully ascertain the benefits flowing from the claimant’s attorney’s intervention, it must necessarily be left up to the claimant’s attorney to decide when he or she wishes to have the fee determined.
 

 For the reasons explained above, we REVERSE the JCC’s order.
 

 KAHN, BENTON, and CLARK, JJ., concur.