PER CURIAM.
 

 AFFIRMED.
 
 See Shackleford v. CTL Distribution,
 
 25 So.3d 667, 668 (Fla. 1st DCA 2010);
 
 Vassallo v. Goldwire,
 
 18 So.3d 670, 672 (Fla. 1st DCA 2009);
 
 Villazano v. Horace Bell Honey Co.,
 
 928 So.2d 515, 516 (Fla. 1st DCA 2006);
 
 and cf. Zaldivar v. Florida Transport 1982, Inc.,
 
 19 So.3d 1093, 1095 (Fla. 1st DCA 2009) (reversing the dismissal of the former attorney’s lien for fees because the underlying case had not yet settled so as to ripen the lien for adjudication, and also recognizing in dicta that “[bjecause it may take some time to fully ascertain the benefits flowing from the claimant’s attorney’s intervention, it must necessarily be left up to the claimant’s attorney to decide when he or she wishes to have the fee determined”).
 

 WOLF, ROBERTS and WETHERELL, JJ., concur.