PER CURIAM.
An issue as to the scope of the Judge of Compensation Claims’ (JCC’s) jurisdiction or authority presents a question of law, subject to de novo review. See Jacobsen v. Ross Stores, 882 So.2d 431, 432 (Fla. 1st DCA 2004).
Here, the JCC concluded that her entry of the order approving allocation of the settlement proceeds extinguished her jurisdiction over Hack’s verified petition for attorney’s fees and costs. Contrary to the JCC’s determination, entry of an order approving a settlement agreement does not, as a matter of law, extinguish the JCC’s jurisdiction over ancillary liens or claims for attorney’s fees and costs. See Sanders v. City of Orlando, 997 So.2d 1089, 1093-94, 1096 (Fla.2008) (holding JCC retains jurisdiction, following approval of settlement, to set aside settlement agreement based upon matters that may be discovered after execution of the agreement); see also Zaldivar v. Okeelanta Corp., 877 So.2d 927 (Fla. 1st DCA 2004) (holding JCC retains jurisdiction, following approval of settlement agreement, to adjudicate charging lien of claimant’s former attorney); Law Office of James E. Dusek, P.A. v. T.R. Enters., 644 So.2d 509 (Fla. 1st DCA 1994) (holding JCC had jurisdiction to determine value of services rendered by claimant’s former attorney after claimant and employer entered into settlement agreement approved by JCC). Indeed, “JCCs have exclusive subject matter jurisdiction over disputed workers’ compensation claim matters” and “a JCC may do all things conformable to law necessary to effectively discharge the duties of his office.” Sanders, 997 So.2d at 1094; see also § 440.33(1), Fla. Stat. (2008). Consequently, the JCC erred in determining she lacked jurisdiction over Hack’s claim for attorney’s fees and costs.
A review of the JCC’s order reveals she appeared to conflate the concepts of jurisdiction and the affirmative defenses of accord/satisfaction, release, waiver, and equitable estoppel. In the order, the JCC notes that attorney Hack was contacted at the time of settlement and represented a fee of only $686.46 and $1,426.04 in costs. Moreover, at the final hearing, the JCC questioned Hack about his failure to put the Employer/Carrier (E/C) on notice at the time of the mediation that he may have an additional claim for E/C-owed fees. *1139 Significantly, the JCC stated that “surely such a claim could have some bearing on the settlement negotiations” and suggested Hack’s actions equated to waiver. Thus, the JCC seemed to conclude that Hack agreed to accept only $2,112.50 in fees and costs and, by doing so, waived or released any additional claims for fees by failing to mention them during the mediation. To reach this conclusion, however, the JCC was required to assert jurisdiction, interpret the settlement agreement, and find Hack released or waived any additional claims for attorney’s fees and costs. Regrettably, the JCC did not reach the merits of Hack’s claim for additional fees and costs and, therefore, the JCC’s order must be reversed.
WOLF, ROBERTS, and WETHERELL, JJ., concur.