PER CURIAM.
In this workers’ compensation case, the Judge of Compensation Claims (JCC) denied Claimant’s former counsel’s motion to compel production of hours billed by Claimant’s successor counsel in working toward Claimant’s lump-sum settlement, and then valued former counsel’s attorney’s fee lien based only upon the number of former counsel’s hours at an hourly rate. The discovery would result in evidence that could be relevant to valuation of former counsel’s fee lien under Rosenthal, Levy & Simon, P.A., v. Scott, 17 So.3d 872, 876 (Fla. 1st DCA 2009) (“In cases where the discharged attorney successfully proves entitlement to a charging lien, the JCC is required to apportion the fee between the discharged attorney and the successor attorney.”), Law Office of James E. Dusek, P.A. v. T.R. Enterprises, 644 So.2d 509, 510 (Fla. 1st DCA 1994) (stating quantum meruit fee will be “the reasonable value1 of the services which he [the former attorney] performed prior to discharge”), and Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366, 368 (Fla.1995) (reversing award of quantum meruit fee calculated as straight hourly fee, and remanding for consideration of “the totality of the circumstances surrounding the professional relationship between the attorney and client,” and holding “[f]actors such as time, the recovery sought, the skill demanded, the results obtained, and the attorney-client contract itself will necessarily be relevant considerations”). Accordingly, we REVERSE the order, and REMAND for further proceedings.
WOLF, ROBERTS, and RAY, JJ., concur.